# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
Case No.: 5:24-cv-00189

| | |
|---|---|
| TAYLOR M. HONSAKER, | ) |
| Plaintiff, | ) |
| v. | ) COMPLAINT |
| CLAIMRETURN, LLC, | ) |
| Defendant. | ) |

Plaintiff, Taylor M. Honsaker ("Honsaker" or "Plaintiff"), by and through counsel, brings a claim for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and North Carolina statutory law claims for violations of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25 *et seq.*, against Defendant ClaimReturn, LLC ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) and seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiff's unpaid overtime claim under the FLSA results from Defendant's policy and practice of failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

3. Plaintiff's NCWHA claim against Defendant results from Defendant's willful failure to timely pay Plaintiff all earned wages on her regularly scheduled payday following the termination of her employment.

## THE PARTIES

4. Plaintiff is an adult individual who is a resident of Newton, North Carolina.

5. Defendant is a limited liability company formed under the laws of Texas, with its principal place of business located at 10933 Rim Road, Suite 101, Escondido, California 92026.

6. At all relevant times during Plaintiff's employment, Plaintiff performed work on Defendant's behalf remotely from Plaintiff's personal residence in North Carolina.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 29 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. §§ 215(a)(3) and 216(b).

8. Plaintiff's NCWHA claims is based on the law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of facts giving rise to Plaintiff's FLSA claim.

9. This Court has personal jurisdiction because Defendant conducts business in Catawba County, North Carolina, which is located within this judicial district.

10. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts or omissions alleged herein occurred in Catawba County, North Carolina.

## COVERAGE ALLEGATIONS

11. Defendant is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. Defendant is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

14. Plaintiff is an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

15. Defendant is an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

16. Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

### Plaintiff's FLSA claim

17. Defendant provides artificial intelligence auditing service for healthcare claims to recognize overpayments.

18. Honsaker began her employment with Defendant in September 2022 and held the Revenue Recovery Specialist role. Defendant paid Honsaker an hourly rate of pay.

19. In or about February 2023, Defendant promoted Honsaker to the Direct Payment Specialist role. Defendant began paying Honsaker an annual salary and classified Honsaker as an exempt employee under the FLSA. In or about October 2023, Defendant changed Honsaker's title to the Coding Support Specialist and continued to pay her an annual salary and classified her as an exempt employee under the FLSA. Honsaker voluntarily resigned in or about April 2024.

20. Defendant misclassified Honsaker as an exempt employee under the FLSA.

21. As a Direct Payment Specialist and Coding Support Specialist, Honsaker did not perform any duties or responsibilities that meet the requirements of any exemption under the FLSA. Defendant should have classified her as a non-exempt employee and paid her overtime compensation.

22. As either a Direct Payment Specialist or a Coding Support Specialist, Defendant required Honsaker to work Monday through Friday from 8:30 a.m. to 5:30 p.m. Defendant did not provide Honsaker with a lunch break. When Honsaker worked her regular schedule, she regularly worked 45 hours per workweek.

23. In addition to her regular schedule, Honsaker regularly performed work outside of her regular schedule and an additional 5 hours per month on either Saturday or Sunday.

24. Honsaker estimates she worked over 400 hours of unpaid overtime during the three-year period prior to filing this lawsuit.

25. Defendant knew or should have known Honsaker worked more than 40 hours per work week because Defendant assigned Honsaker's schedule and tracked Honsaker's activity on a company issued computer using an activity tracking software called ActivTrak.

26. Defendant's violation of the FLSA was willful.

**Plaintiff's NCWHA claims**

27. Defendant maintained a company-wide vacation policy whereby all employees accrued vacation time based upon their years of active service. Defendant also capped the amount of vacation an employee could accrue annually based on the employee's active service. Defendant's vacation policy provides that at termination of employment for any reason, an

employee may be "paid for accrued, unused vacation at their rate of pay at termination, as determined by the state in which the employee works."

28. Due to Honsaker's active service, she accrued 3.08 hours of vacation time per pay period and was capped at 80 hours per year.

29. Honsaker estimates that at the time her employment terminated she accrued more than 47.94 hours of vacation time. Honsaker's estimation is based on her paystub for the pay period of March 10, 2024 through March 23, 2024, which showed 47.94 hours of accrued vacation time. Honsaker voluntarily resigned from her employment on April 1, 2024.

30. Defendant did not pay Honsaker for any accrued, unused vacation time on her next regularly scheduled payday after her voluntary separation from employment.

31. Defendant's violation of the NCWHA was willful.

## **PLAINTIFF'S FIRST COUNT**
**(Violation of FLSA – Overtime)**

32. Plaintiff realleges and incorporates by this reference all the paragraphs above in the Complaint as though fully set forth herein.

33. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate when she worked over 40 hours in individual workweeks.

34. Plaintiff was not exempt from the overtime provisions of the FLSA.

35. Defendant directed Plaintiff to work, and she did work, over 40 hours in one or more individual workweeks.

36. Defendant paid Plaintiff a salary and no overtime compensation.

37. Defendant violated the FLSA by failing to pay Plaintiff the overtime premium rate when she worked over 40 hours in one or more individual workweeks.

38. Defendant violated the FLSA by failing to comply with the record keeping provisions of the FLSA.

39. Defendant's violations of the FLSA were willful.

## PLAINTIFF'S SECOND COUNT
### (Violation of NCWHA – Failure to Pay Earned Wages at Separation)

40. Plaintiff realleges and incorporates by this reference all the paragraphs above in the Complaint as though fully set forth herein.

41. Count II arises from Defendant's policy and practice of failing to pay earned wages on the next regularly scheduled payday following the termination of Plaintiff's employment in violation of N.C. Gen. Stat. § 95-25.7.

42. Defendant did not pay Plaintiff her rate of pay for all unused accrued vacation hours earned under Defendant's vacation policy on the regularly scheduled payday following the termination of her employment.

43. Defendant's violation of the NCWHA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount ot the unpaid compensation found due to Plaintiff;

b) An Order pursuant to the NCWHA finding Defendant liable for unpaid regular wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

Dated: August 20, 2024

Respectfully submitted,

s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Facsimile: (704) 612-0038
E-Mail: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*