**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | | |
|---|---|---|
| **TAYLOR M HONSAKER**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CLAIMRETURN, LLC,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No.: 5:24-CV-00189** |

---

# ANSWER

---

ClaimReturn, LLC ("ClaimReturn" or "Defendant"), by and through undersigned counsel, hereby answers and otherwise responds to Plaintiff's Complaint (Doc. 1) as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. Defendant admits only that the unnumbered paragraph preceding Paragraph 1 of the Complaint and Paragraph 1 of the Complaint generally describe the claims asserted and the nature of relief requested. Except as expressly admitted, Defendant denies the allegations of both the unnumbered paragraph preceding Paragraph 1 of the Complaint, as well as the allegations of the first numbered paragraph of the Complaint.

2. Denied.

3. Denied.

## THE PARTIES

4. Defendant is without sufficient information to admit or deny the allegations contained in paragraph four of the Complaint; therefore, to the extent a response is required, Defendant denies said allegations and demands strict proof thereof.

5. Defendant admits only that ClaimReturn is a limited liability company formed under the laws of Texas. Except as expressly admitted, Defendant denies the remaining allegations of the fifth numbered paragraph of the Complaint.

6. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint; therefore, to the extent a response is required, Defendant denies said allegations and demands strict proof thereof. To the extent the sixth paragraph of Plaintiff's Complaint may be construed to allege any liability upon the part of Defendant to Plaintiff under the FLSA, Defendant denies same.

## JURISDICTION AND VENUE

7. Defendant admits that this Court has federal question jurisdiction over the type of FLSA claim asserted. Except as expressly admitted, Defendant denies the remaining allegations of the seventh numbered paragraph of the Complaint.

8. Defendant admits that this Court has supplemental jurisdiction over the types of state law claim asserted when asserted together with the FLSA claim asserted. Except as expressly admitted, Defendant denies the remaining allegations of the eighth numbered paragraph of the Complaint.

9. Denied.

10. Defendant does not contest venue. Except as expressly admitted, Defendant denies the remaining allegations of the tenth numbered paragraph of the Complaint.

## COVERAGE ALLEGATIONS

11. The averment contained in Paragraph 11 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required. As such, it is denied.

12. The averment contained in Paragraph 12 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required. As such, it is denied.

13. The averment contained in Paragraph 13 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required. As such, it is denied.

14. The averment contained in Paragraph 14 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required. As such, it is denied.

15. The averment contained in Paragraph 15 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required. As such, it is denied.

16. The averment contained in Paragraph 16 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required. As such, it is denied.

## PLAINTIFF'S FACTUAL ALLEGATIONS

### Plaintiff's FLSA Claim

17. Admitted.

18. Defendant admits that Plaintiff began her employment with Defendant on or about October 3, 2022 and, at that time, held the position of Revenue Recovery Specialist with an hourly rate of pay. Except as expressly admitted, Defendant denies the remaining allegations of the eighteenth numbered paragraph of the Complaint.

19. Defendant admits that on or about February 27, 2023, Plaintiff was offered and accepted an annual salary and promotion to Direct Payments Specialist, and that such position was properly and correctly classified as exempt under the FLSA. Defendant further admits that on or about October 5, 2023, Plaintiff was offered and accepted a lateral transition to a Coding Support Specialist position, and that position was also salaried and properly and correctly classified as exempt under the FLSA. Defendant further admits that Plaintiff voluntarily resigned on or about

April 1, 2024. Except as expressly admitted, Defendant denies the remaining allegations of the nineteenth numbered paragraph of the Complaint.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

**Plaintiff's NCWHA Claims**

27. Defendant admits it maintained a vacation policy. To the extent that allegations of Paragraph 27 refer to or describe the written contents of a document (e.g., vacation policy), the referenced document speaks for itself and is the best evidence of its contents. To the extent that the allegations in the twenty-seventh numbered paragraph of the Complaint are inconsistent with those contents, Defendant denies the same. Except as expressly admitted, Defendant denies the remaining allegations of the nineteenth numbered paragraph of the Complaint.

28. Denied.

29. Defendant admits that Plaintiff accrued vacation time during her employment with Defendant, however, Defendant lacks knowledge or information regarding the process by which Plaintiff calculated her estimated accrued vacation time or the variables that she considered when calculating her estimated and, therefore, Defendant denies the material allegations contained in the twenty-ninth paragraph of Plaintiff's complaint. To the extent that allegations of Paragraph 29 refer to or describe the written contents of a document (e.g., pay stubs), the referenced document

speaks for itself and is the best evidence of its contents. To the extent that the allegations in the twenty-ninth numbered paragraph of the Complaint are inconsistent with those contents, Defendant denies the same. Except as expressly admitted, Defendant denies the remaining allegations of the twenty-nineth numbered paragraph of the Complaint.

30. Admitted.

31. Denied.

**PLAINTIFF'S FIRST COUNT**
**(FLSA – Overtime)**

32. Defendant reasserts its responses to the previous paragraphs as if fully stated herein.

33. Defendant specifically avers that it complied with the FLSA with regard to the calculation and payment of Plaintiff's compensation to her while she was employed by Defendant at all times. Defendant otherwise denies the allegations asserted against it in the thirty-third paragraph of Plaintiff's complaint, and further denies that Plaintiff is entitled to receive overtime compensation from Defendant.

34. Denied.

35. Denied.

36. Defendant admits that during certain periods in which Plaintiff was employed by Defendant she was paid on a salary basis and properly and correctly classified as exempt under the FLSA. Except as expressly admitted, Defendant otherwise denies the remaining allegations of the thirty-sixth numbered paragraph of the Complaint and expressly denies that Plaintiff is entitled to receive overtime compensation from Defendant.

37. Denied.

38. Denied.

39. Denied.

## PLAINTIFF'S SECOND COUNT
## (NCWHA)

40. Defendant reasserts ClaimReturn's responses to the previous paragraphs as if fully stated herein.

41. Defendant admits that Plaintiff describes the nature of her claim. Except as expressly admitted, Defendant denies the remaining allegations of the forty-first numbered paragraph of the Complaint.

42. Defendant admits that Plaintiff overtime pay was not included in the compensation paid to Plaintiff on the next regularly scheduled payday following her voluntary resignation because she was properly and correctly classified as an exempt employee under the FLSA and hence she was not eligible for same. Except as expressly admitted, Defendant denies the remaining allegations of the forty-second numbered paragraph of the Complaint.

43. Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in the *ad damnum* clause following Paragraph 43 of the Complaint. Except as expressly admitted herein, Defendant denies the remaining allegations of the Complaint, including the allegations in the *ad damnum* clause following Paragraph 43 of the Complaint and subparts a) through f) thereof.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Having responded to the correspondingly-numbered paragraphs of the Complaint, Defendant asserts the following affirmative and additional defenses. By asserting the following defenses, Defendant does not assume any burden of proof that would otherwise be imposed on Plaintiff.

**FIRST DEFENSE**

Some or all of Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

**SECOND DEFENSE**

Defendant avers ClaimReturn is not liable for the matters and things alleged in Plaintiff's Complaint and demand strict proof thereof.

**THIRD DEFENSE**

Defendant acted in good faith and had reasonable grounds to believe that ClaimReturn acted properly in its pay practices with respect to Plaintiff. Therefore, liquidated damages are inappropriate under the FLSA.

**FOURTH DEFENSE**

Plaintiff was exempt from the overtime requirements of the FLSA for the period of time she occupied positions classified as exempt.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that the time periods for which Plaintiff is claiming entitlement to pay fall within the *de minimis* exception.

**SIXTH DEFENSE**

To the extent that Plaintiff seeks compensation for activities which are preliminary and/or postliminary to principal work activities and are not integral and indispensable to those principal work activities, the time is not compensable under the Fair Labor Standards Act. To the extent that Plaintiff seeks compensation for activities that are considered non-compensable under the Portal-to-Portal Act, no recovery is available under the Fair Labor Standards Act.

**SEVENTH DEFENSE**

Plaintiff's claims are or may be barred by waiver, laches, unclean hands, setoff, and/or estoppel, including any applicable equitable, judicial, and/or administrative estoppel.

**EIGHTH DEFENSE**

Without conceding that Plaintiff was eligible to be paid overtime wages during any of the periods in her complaint in which she asserts that overtime wages were due to be paid to her, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations. Defendants did not commit a willful violation of the FLSA; therefore, the applicable statute of limitations is two years.

**NINTH DEFENSE**

The simultaneous recovery of liquidated damages and prejudgment interest is not available under the FLSA.

**TENTH DEFENSE**

Plaintiff's claims are barred by Plaintiff's failure to plead all conditions precedent to her claims for relief.

**ELEVENTH DEFENSE**

Defendant acted in good faith and had reasonable grounds for believing ClaimRecord's conduct did not violate any law.

**TWELFTH DEFENSE**

Defendant denies that Plaintiff is entitled to damages of the nature, type, and amount sought in the Complaint.

**THIRTEENTH DEFENSE**

Plaintiff is barred from the recovery of special damages because Plaintiff has failed to plead them in the manner required by the Federal Rules of Civil Procedure.

**FOURTEENTH DEFENSE**

Plaintiff's claims against Defendant are not legally viable because Plaintiff properly and correctly classified her as an exempt employment pursuant to the FLSA during the periods at issue, and hence Plaintiff was not eligible for overtime pay.

**FIFTEENTH DEFENSE**

Without conceding that Plaintiff was eligible to be paid overtime wages during any of the periods in her complaint in which she asserts that overtime wages were due to be paid to her, Defendant assert that to the extent that the proof in this case shows that Plaintiff affirmatively misled Defendant with regard to the claimed number of overtime hours worked by Plaintiff and/or that Plaintiff failed to notify Defendant of same, and that Defendant had no reasonable basis to know of such overtime hours worked, Defendant specially asserts the affirmative defense of estoppel.

**SIXTEENTH DEFENSE**

Without conceding that Plaintiff is covered by any of the FLSA's overtime wage provisions at any time during the relevant periods in which Plaintiff asserts, in her Complaint, that she was due to be paid overtime wages by Defendant, Plaintiff's claims for overtime wages are not legally viable and she is not entitled to any unpaid overtime compensation because she did not work more than 40 hours in any alleged applicable seven-day workweek.

**SEVENTEENTH DEFENSE**

Without conceding that Plaintiff is covered by any of the FLSA's overtime wage provisions at any time during the relevant periods in which Plaintiff asserts, in her Complaint, that

she was due to be paid overtime wages by Defendant, Plaintiff's claims for overtime wages are not legally viable and she is not entitled to any unpaid overtime compensation because Defendant did not have actual or constructive knowledge of same.

**EIGHTEENTH DEFENSE**

Defendant gives notice that ClaimReturn intends to rely upon such other defenses as may become available or appear during the discovery proceedings in this case and reserve the right to amend this answer to assert any such defenses and any possible claims against Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Defendant, having fully answered allegations contained in Plaintiff's Complaint, respectfully requests this Court dismiss the Complaint with prejudice, enter judgment in its favor, award Defendant its attorneys' fees and expenses, and grant Defendant such other relief as the Court deems just and proper.

s/J. Kellam Warren
J. Kellam Warren (NC Bar No. 26811)
MAINSAIL LAWYERS
295 Seven Farms Dr, Suite C-318
Charleston, SC 29492
Telephone: (919) 238-4088
Facsimile: (888) 501-9309
Email: kellam@mainsaillawyers.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December, 2024, the foregoing document was electronically filed with the Clerk of this Court and served upon the following using the CM/ECF system:

Phillip J. Gibbons, Jr., NCSB #50276
Corey Stanton, NCSB #56255
Gibbons Law Group, PPLC
14045 Ballantyne Corporation Place, Suite 325
Charlotte, NC 28277
Email: phil@gibbonslg.com
corey@gibbonslg.com

/s/ J. Kellam Warren
Counsel for Defendant